IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VIAAS INC., <br><br>　　Plaintiff, <br><br>v. <br><br>CISCO SYSTEMS, INC., <br><br>　　Defendant. | Case No. 6:22-cv-01047-KC <br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(C)**

BACKGROUND

Plaintiff VIAAS Inc. ("VIAAS") sued Defendant Cisco Systems. Inc. ("Cisco") alleging that Cisco infringes U.S. Pat. Nos. 8,558,888 (the "'888 patent") and 9,472,069 (the "'069 patent") (collectively, the "Patents-in-Suit"),[1] On January 17, 2023, Cisco filed a Motion to Dismiss VIAAS's Complaint for Failure to State a Claim ("Cisco's Motion").[2]  VIAAS opposes Cisco's Motion as follows:

---

[1] Doc. No. 1.
[2] Doc. No. 11.

1

I.     **INTRODUCTION**

Claim 1 of the '888 patent reads as follows:

> 1. A method for operating an apparatus for to reliably maintain high complexity continuous data over a low bandwidth and unreliable connection, the apparatus comprising:
> a point of recordation terminal (PORT) coupled to a connection, the method comprising
> capturing, and
> transmitting, an event of interest, wherein capturing an event of interest comprises the following processes:
> determining when an event of interest occurs;
> selecting an extent of data associated with the event of interest;
> efficiently recording the selected extent of data;
> deriving a compact representation of the event of interest; and
> storing the recorded events; wherein transmitting an event of interest comprises the following processes:
> transmitting immediately when directed and
> storing if immediate transmission fails;
> opening an https client session;
> opening an https server session;
> connecting between an https client and server;
> transmitting with link level encryption;
> storing recorded events of interest locally; and
> transmitting when an acceptable amount of bandwidth becomes available.

[3]

---

[3] Doc 1-1, Exhibit A, 17:43-67.

Claim 1 of the '069 patent reads as follow:

> 1. A method for generating and storing an asset from a Point of Recordation Terminal (PORT), comprising:
> collecting a unique identification of the PORT;
> determining an event of interest by the PORT;
> generating multiple representations of the event of interest determined by the PORT, wherein the multiple representations include both video and still images of the event derived from the video;
> identifying timing relationship between the multiple representations of the event of interest determined by the PORT;
> associating the unique identification of the PORT with the multiple representations of the event of interest determined by the PORT;
> encrypting and uploading the multiple representations of the event of interest with the unique identification of the PORT for cloud storage.[4]

**Cisco's Claims and Allegations**

Cisco claims (1) "Claim 1 [of the '888 patent] Requires 'Wherein Transmitting an Event of Interest Comprises: Transmitting Immediately When Directed and Storing if Immediate Transmission Fails.' The Evidence VIAAS Cites Supports No Such Allegation",[5] and (2) VIAAS Does Not Allege "*Generating Multiple Representations of the Event of Interest . . . Wherein the Multiple Representations Include Both Video and Still Images of the Event Derived from the Video*" as Required by Claim 1 of the '069 Patent.[6]

II.     **LEGAL STANDARD**

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *Hale v. United*

---

[4] Doc. No. 1-1, Exhibit B, 18:2-18.
[5] Doc No. 11 at 7.
[6] Doc. No. 11 at 11.

3

*States*, 2017 WL 4512561, *3 (S.D. Tex. Aug. 18, 2017), *aff'd*, 772 F. App'x 213 (5th Cir. 2019). The standard for judgment on the pleadings under Rule 12(c) "is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The Court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id.* The motion "should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.* The inquiry under Rule 12(c) "focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 209.) *Tyger Mfg., LLC v. Mike's Worldwide LLC,* No. CV H-19-2856, 2020 WL 7014207, at *1 (S.D. Tex. July 17, 2020)

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v Switzer,* 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true, and view[s] those facts in the light most favorable to the plaintiff." *Bustos v Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir.2010). (*See, Script Security Solutions, LLC* v *Amazon, Inc.*, 170 F. Supp.3d 928 (E.D. Texas 2016).

Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the nonmovant pleads factual content that allows the

court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678.

To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260, *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.,* No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *3 (E.D. Tex. Nov. 17, 2020) (*See, also*, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC,* 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021), a defendant has fair notice of a direct infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes.)[7]

## III.  VIAAS HAS SUFFICIENTLY ALLEGED DIRECT PATENT INFRINGEMENT AGAINST CISCO

VIAAS respectfully submits that it adequately pleaded a claim of direct patent infringement to withstand Cisco's Motion to Dismiss. The claim charts attached to the Complaint, plausibly alleges that the Accused System meets "each and every element of at least one claim" of the asserted patent. See, *Disc Disease*, 888 F.3d at 1260.

---

[7] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the ground upon which it rests.' " *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (alteration in original) (internal quotation marks omitted). A complaint is insufficient if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). "The pleading standard for a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." Simmons v. Texas, 2010 WL 11601167, at *1 (W.D. Tex. May 14, 2010). *Quartz Auto Techs. LLC. v. Lyft, Inc.,* No. 1:20-CV-00719-ADA, 2021 WL 1177886, at *2 (W.D. Tex. Mar. 29, 2021)

> **A.     VIAAS has Sufficiently Pled a Claim for Claim 1 of the '888 Patent, in that VIAAS has Sufficiently Alleged that the Accused Products Include "Wherein Transmitting an Event of Interest Comprises the Following Processes: Transmitting Immediately When Directed and Storing if Immediate Transmission Fails."**

VIIAS has specifically alleged, with factual support that the Accused System includes "transmitting an event of interest … transmitting immediately when directed and storing if immediate transmission fails" as required by Claim 1 of the '888 patent.[8] Specifically, referring to Exhibit C of VIIAS's Complaint,[9] VIIAS has provided Cisco the "fair notice" as required by *Disc Disease*:

| Claim One | Corresponding Structure in the Accused System |
|---|---|
| wherein transmitting an event of interest comprises the following processes: transmitting immediately when directed and | Meraki **transmits** data from events of interest immediately as evidenced by the immediate alert a user receives when an event of interest occurs in range of a device. Examples of events of interest include motion detection. |
| storing if immediate transmission fails | Meraki cameras can store data locally and record while offline. This way, the data is stored even **if** transmission fails**,** such as in a power outage. Meraki cameras have sufficient storage capacity to retain recordings of events of interest.[10] |

Accordingly, VIIAS submits that it has specifically alleged with factual support,[11] a plausible statement/articulation as to why the accused product infringes the [above-referenced

---

[8] Doc. No. 1-1, Exhibit A, 17:57-60.
[9] Doc. 1-1. Exhibit C. Claim Chart to the '888 Patent at 10-12.
[10] Id, [Emphasis added.]
[11] See, Doc. 1-1. Exhibit C. Claim Chart to the '888 Patent at 10-12 for factual support.

element] of the patent claim. (See, *Bot M8 LLC v Sony Corp of Am.,* 4 F.4th 1342, 1353 (Fed Cir. 2021)), therefore meeting, if not exceeding the *Disc Disease* notice "fair notice" requirement.

Moreover, VIIAS disagrees with Cisco that it has failed to address the "storing *if* immediate transmission fails."[12] [Emphasis added.] Referring to VIIAS's claim chart to the '888 patent:

> Each MV smart camera comes with integrated, ultra-reliable, industrial-grade storage. This cutting-edge technology allows the system to efficiently scale to any size, with storage expanding with the addition of each camera. Plus, as video is stored locally, administrators can rest easy knowing that even if the network connection cuts out, the cameras will continue to record footage. [13]

VIIAS submits that the reference to "even **if** the network connection cuts out, the cameras will continue to record footage" [Emphasis added] addresses what Cisco believes to be an explicit limitation of the '888 patent.

To that end, VIIAS believes that this is emblematic of the flaws in Cisco's Motion, in that Cisco argues claim construction positions with respect to various claim terms. These arguments should be ignored as improper at the pleading stage, and instead every factual inference should be construed in VIIAS's favor. To that end, VIIAS respectfully submits that these arguments are more appropriate at the Markman stage. VIIAS submits that it has alleged facts to support its claim for direct infringement, as made clear in its claim charts In response, Cisco argues why these allegations are impossible or improbable based on its purported constructions. This is fundamentally improper.

---

[12] Doc 11 at 9.
[13] Doc. 1-1. Exhibit C. Claim Chart to the '888 Patent at 11.

**B.     VIAAS has Sufficiently Pled that the Accused System "*Generat[es] Multiple Representations of the Event of Interest . . . Wherein the Multiple Representations Include Both Video and Still Images of the Event Derived from the Video*" as Required by Claim 1 of the '069 Patent.**

VIIAS has specifically alleged, with factual support that the Accused System includes "generating multiple representations of the event of interest . . . wherein the multiple representations include both video and still images of the event derived from the video" as required by Claim 1 of the '069 patent.[14] Specifically, referring to Exhibit D of VIIAS's Complaint,[15] VIIAS has provided Cisco the "fair notice" as required by *Disc Disease*:

| Claim One | Corresponding Structure in the Accused System |
|---|---|
| generating multiple representations of the event of interest determined by the PORT, wherein the multiple representations include both video and still images of the event derived from the video | Meraki cameras continuously record and upload the video feed to the cloud. An alert is sent out when an event occurs. The video of the event of interest is stored as a continuous feed on the cloud storage service. |

Accordingly, VIIAS submits that it has specifically alleged with factual support a plausible statement/articulation as to why the Accused System infringes the [above-referenced element] of the Claim 1 of the '069 patent. (See, *Bot M8 LLC v Sony Corp of Am.,* 4 F.4th 1342, 1353 (Fed Cir. 2021)), therefore meeting, if not exceeding the *Disc Disease* notice "fair notice" requirement. In response to Cisco's Motion at 11-12, VIIAS submits that video cameras are capable of recording still images. But more importantly, and once again, Cisco is impermissibly transforming the current motion into an exercise in claim construction.

"The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Morgan Stanley Dean Witter*, 224 F.3d at 498

---

[14] Doc. No. 1-1, Exhibit B, 18:6-10
[15] Doc. 1-1. Exhibit D. Claim Chart to the '069 patent at 5.

(quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The "plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). VIAAS has gone above and beyond the requirements of the pleading stage. The fact that Cisco disagrees with VIAAS's claim interpretation and infringement read is not a proper basis for dismissal of the complaint with a 12(b)(6) motion.

For all the foregoing reasons, Cisco's Motion to Dismiss VIAAS's Complaint should be denied.

### IV. REQUEST TO FILE AN AMENDED COMPLAINT

While VIAAS believes that it has provided the Court with an adequate basis to deny Cisco's Motion. In the event that the Court grants relief to Cisco in any form, VIAAS respectfully requests leave to file an amended complaint.

### V. CONCLUSION

For the foregoing reasons, VIAAS respectfully requests that the Court deny Cisco's Motion to Dismiss Plaintiff's Complaint.

Dated: January 31, 2023,                Respectfully Submitted

**Ramey LLP**

/s/William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for VIAAS Inc.***

9

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 31, 2023, with a copy of the foregoing via ECF.

/s/ William P. Ramey, III
William P. Ramey, III