IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VIAAS INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No. 6:22-CV-01047-KC<br><br>JURY TRIAL DEMANDED |

**DEFENDANT CISCO'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(C)**

1

**I.     ARGUMENT**

VIAAS acknowledged in its Response that it has the burden to "plausibly allege that the accused products meet 'each and every element of at least one claim' of the asserted patent." Dkt. 24, Resp. at 5 (citation omitted). While acknowledging the standard, VIAAS fails to meet it. For the '888 patent, VIAAS declines to face the fact that its allegations directly contradict the very evidence it cites. And for the '069 patent, VIAAS refuses to accept that it has simply failed to address a limitation of its asserted claim. While VIAAS seeks to replead, it would need to seek leave to do so, and it fails to even suggest a viable basis for amending that could cure the defects in its complaint. The appropriate remedy in this instance is to dismiss this case.

### A.     VIAAS Still Fails to Show Its Plausible Basis for Relief as to the "*Storing If Immediate Transmission Fails*" Claim Limitation.

VIAAS's first point in its Response fails for the same reason its Complaint fails – it does not point to any plausible argument under which Cisco's products meet this "storing *if* transmission fails" limitation. As noted in Cisco's Motion, there is no event that must occur for the Meraki cameras to store data. Dkt. 11, Mot. at 9. Quite the opposite. They store data *whether or not* any transmission fails. *Id.*

VIAAS's Response selectively cites Cisco documentation in an attempt to demonstrate that it can plausibly allege that Cisco Meraki MV Cameras satisfy the "storing if immediate transmission fails" limitation. In particular, VIAAS states that "even **if** the network connection cuts out, the cameras will continue to record footage." Resp. at 7. But a proper review of the documentation, as shown below, only proves that Cisco's cameras cannot meet the limitation, and that VIAAS's conclusory allegation is simply incorrect.

| Claim Limitation of the '888 Patent | Documentation Cited by VIAAS, Resp. at 7 |
|---|---|
| Transmitting immediately when directed and storing **if** immediate transmission fails. | Plus, as video is stored locally, administrators can rest easy knowing that **even if** the network connection cuts out, the cameras will continue to record footage. |

This excerpt from Cisco's documentation directly contradicts any argument that recording occurs upon a condition, i.e., "if immediate transmission fails." The asserted claim of the '888 patent does not contemplate storing regardless of whether "immediate transmission fails," and requires a decision – for recording to begin "if immediate transmission fails." But the very documentation VIAAS cites indicates that the Meraki cameras *always* store data. When the evidence VIAAS puts forth to plausibly allege a claim limitation seems to directly contradict that claim limitation, that is not a claim construction issue.

By putting forth facts that "are actually *inconsistent* with and contradict infringement," VIAAS has "pleaded itself out of court." *Bot 8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021); *Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*, No. 1:22-CV-00346-RP, 2023 WL 28438, at *2 (W.D. Tex. Jan. 3, 2023) (applying *Bot 8* standard to Fifth Circuit law). Notably, VIAAS does not dispute that the accused Meraki cameras continually record, regardless of whether any transmission fails. *AK Meeting IP LLC v. Cisco Sys., Inc.*, No. 6:22-cv-00248-ADA, 2022 WL 17979765, at *5 (W.D. Tex. Dec. 28, 2022).[1] Accordingly, VIAAS's allegations cannot survive the pleading standard, because they are based on "accusations that are completely devoid of factual support." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] It is worth noting that AK Meeting is also represented by Ramey LLP ("Ramey"). In the *AK Meeting* matter, like here, Ramey simply declined to accept that its allegation was clearly contradicted by evidence to the contrary. The Court dismissed the allegation as a result.

*Twombly*, 500 U.S. 544, 547 (2007)).

      **B.**    **VIAAS Still Fails to Show Its Plausible Basis for Relief as to the "*Generating Multiple Representations of the Event of Interest . . . Wherein the Multiple Representations Include Both Video and Still Images of the Event Derived from the Video*" Claim Limitation.**

VIAAS still cannot point to factual allegations in its Complaint to support an allegation that this claim limitation of the '069 patent, claim 1, is satisfied by the Cisco Meraki MV Cameras. In its Response, VIAAS compares the limitation of the '069 patent with Cisco documentation that reads: "Meraki cameras continuously record and upload the video feed to the cloud. An alert is sent out when an event occurs. The video of the event of interest is stored as a continuous feed on the cloud storage service." Resp. at 8. But even if this citation identifies a video, and a still image (presumably associated with the alert), VIAAS's offered citation is completely silent on the issue of whether "both [the] video and still images of the event [are] derived from the video." In fact, VIAAS's claim chart does not even provide narrative that sets forth a conclusory allegation for this portion of the limitation. Dkt 1.1, Ex. D at 5. At most, what VIAAS alleges is that it is possible that the "video and still images of the event [are] derived from the video." But an allegation that merely raises a possibility that a limitation is satisfied, rather than a plausible allegation, is not sufficient under the jurisprudence in this District. *See Vervain, LLC v. Micron Tech.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (noting that a possible allegation falls short of a plausible allegation needed to survive a motion to dismiss).

      **C.**    **VIAAS Has Not Set Forth Any Facts or Law Supporting Leave to Amend Its Complaint.**

VIAAS filed its Complaint on October 16, 2022, and therefore amendment without leave was due by November 6, 2022. Pursuant to Fed. R. Civ. P. 15(a)(2), VIAAS may not amend its pleadings without (i) Cisco's written consent or (ii) leave of Court. As the Fifth Circuit has

4

explained, "leave to amend is in no way automatic." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Since the time to amend as a matter of right has expired, Fed. R. Civ. P. 16(b) governs whether leave should be granted. VIAAS does not address the good cause standard under Rule 16(b) in its response brief, but instead, simply asks to be granted leave. Resp. at 9. In addition, VIAAS has not provided any explanation of what it proposes to amend, and neither Cisco nor the Court has a basis to determine whether that amendment would be futile. Having failed to address the appropriate legal standard, explain why leave should be granted, or explain why any amendment would not be futile, VIAAS's pro forma request for leave to amend its Complaint should be denied.

## II.   CONCLUSION

For the reasons stated above, Cisco respectfully requests that the Court dismiss VIAAS's claims of infringement with respect to the '888 and '069 patents.

|  |  |
|---|---|
| **DATED:** February 7, 2023 | Respectfully submitted, |

*/s/ Mark N. Osborn*
Mark N. Osborn
State Bar No. 15326700
Mark.osborn@kempsmith.com
Shelly W. Rivas
State Bar No. 24003145
Shelly.rivas@kempsmith.com
**KEMP SMITH LLP**
221 N. Kansas
Suite 1700
El Paso, TX 79901
Telephone: (915) 553-4424
Facsimile: (915) 546-5360

Nimalka Wickramasekera
(Pro Hac Vice)
nwickramasekera@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue
38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1819
Facsimile: (213) 294-4700

Krishnan Padmanabhan
(Pro Hac Vice)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Saranya Raghavan
(Pro Hac Vice)
sraghavan@winston.com
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-7574
Facsimile: (312) 558-5700

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on February 7, 2023, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

                                                  */s/ Mark N. Osborn*
                                                  Mark N. Osborn