UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIAAS, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>     Defendant. | Case No. 6:22-cv-01047-KC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO DISMISS
UNDER RULE 12(B)(1)**

**TABLE OF CONTENTS**

      **Page**

STATEMENT OF ISSUES ................................................................................................. 1
I.    INTRODUCTION ................................................................................................... 2
II.   BACKGROUND ..................................................................................................... 3
      A.    Patent Assignment History ......................................................................... 3
III.  LEGAL STANDARDS ........................................................................................... 5
      A.    Constitutional Standing............................................................................... 5
IV.  ARGUMENTS ........................................................................................................ 6
      A.    VIAAS Lacks Standing Because Third Iris Corp., Not VIAAS, Owns the Patents ........................................................................................................ 6
      B.    VIAAS Lacks Standing Because the Agreement between Barracuda and VIAAS Never Conveyed Interest in the Patents to VIAAS .................................. 9
      C.    Even If VIAAS Has Limited Rights to the Asserted Patents, It Does Not Have an Exclusionary Right ................................................................................ 9
V.   CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acceleration Bay LLC v. Activision Blizzard Inc.*,
    2017 WL 3668597 (D. Del. Aug. 24, 2017) .............................................................................10

*Advanced Video Techs., LLC v. HTC Corp.*,
    103 F. Supp. 3d 409 (S.D.N.Y. 2015)...................................................................................7, 8

*Akazawa v. Link New Tech. Int'l, Inc.*,
    520 F.3d 1354 (Fed. Cir. 2008).................................................................................................7

*Climb Tech, LLC v. Reeves*,
    2009 WL 10670045 (W.D. Tex. Feb. 11, 2009)...............................................................5, 6, 9

*Enzo APA & Son, Inc. v. Geapag A.G.*,
    134 F.3d 1090 (Fed. Cir. 1998).................................................................................................5

*Land v. Dollar*,
    330 U.S. 731 (1947)..................................................................................................................6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)..................................................................................................................5

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007)....................................................................................5, 10, 11

*Script Sec. Sols., LLC v. Amazon.com, Inc.*,
    2016 WL 6433776 (E.D. Tex. Oct. 31, 2016) ..........................................................................6

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000)...............................................................................................10

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)....................................................................................................................5

*Superior MRI Servs. v. All. HealthCare Servs.*,
    778 F.3d 502 (5th Cir. 2015) ....................................................................................................6

*VIAAS v. Amazon.Com*,
    No. 6:22-cv-01041-KC (W.D. Tex. filed Oct. 6, 2022)............................................................2

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010).........................................................................................10, 11

*Williamson v. Tucker*,
    645 F.2d 404 (5th Cir. 1981) ...........................................................................................6

**Statutes**

35 U.S.C. § 100(d) .........................................................................................................................5

35 U.S.C. § 281 ......................................................................................................................5, 7, 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)........................................................................................................2, 5, 11

Fed. R. Civ. P. 12(c) ......................................................................................................................3

## STATEMENT OF ISSUES

1. Should the complaint of VIAAS, Inc. be dismissed because it is not the owner of the patents involved in this case?

2. Should the complaint of VIAAS, Inc. be dismissed because it lacks all substantial rights in the patents involved in this case?

Under Federal Rules of Civil Procedure 12(b)(1), Defendant Cisco Systems, Inc. ("Cisco") moves to dismiss the complaint filed by Plaintiff VIAAS, Inc. ("VIAAS") for lack of standing to bring the claims at issue.

## I.  INTRODUCTION

VIAAS alleges that Cisco infringes U.S. Patent Nos. 8,558,888 ("the '888 patent") and 9,472,069 ("the '069 patent") (collectively, the "Asserted Patents"), which are directed to capturing and storing information from video surveillance devices. But VIAAS lacks standing to sue Cisco for patent infringement for two separate reasons. Despite VIAAS's allegation that it is the "exclusive owner" of the Asserted Patents (Dkt. 1 (Complaint) ¶¶ 12, 13), the publicly-available assignment agreements recorded with the U.S. Patent and Trademark Office ("USPTO") show that: (1) the patents are in fact owned by Third Iris Corp.; and (2) there is no agreement in the chain of title that even purports to assign the patents to VIAAS. These issues, taken alone or together, are fatal to VIAAS's ownership claim and thus its standing to bring this lawsuit.

This issue has now been fully briefed in the co-pending case involving Google.[1] There, VIAAS had the chance to present its best evidence to assert its ownership of the Asserted Patents, but it presented no evidence that fills in the broken chains of title. Instead, VIAAS presented evidence relating to a different entity, Third Iris *Inc.*, with no explanation of how this impacts the record owner, Third Iris Corp. Further, even assuming VIAAS has any ownership interest in the patents, it failed to show that it has sufficient exclusionary interest. That is, the unrebutted evidence

---

[1] *VIAAS, Inc. v. Google LLC*, Case No. 6:22-cv-01048-KC, Dkt. 10 (Google's Motion), Dkt. 22 (VIAAS's Opposition), Dkt. 23 (Google's Reply). This issue has also been raised by Amazon in *VIAAS, Inc. v. Amazon.com, Inc.*, Case No. 6:22-cv-01041, Dkt. 13 (Amazon's Motion), Dkt. 21 (VIAAS's Opposition) and by ADT in *VIAAS, Inc. v. ADT LLC*, Case No. 6:22-cv-01046, Dkt. 17 (ADT's Motion). VIAAS's Opposition to Amazon's motion did not offer any additional evidence.

shows that Barracuda retains the right to sub-license the Asserted Patents, which is yet another reason VIAAS lacks standing to bring this suit.

For these reasons, the Complaint should be dismissed with prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**II.     BACKGROUND**

VIAAS filed suit against Cisco on October 6, 2022, alleging that Cisco has directly infringed the Asserted Patents by making, using, testing, selling, offering for sale and/or importing into the United States Cisco's products. *See* Dkt. 1, ¶ 25. To date, VIAAS has only provided bare-bones infringement allegations for claim 1 of the '888 patent and claim 1 of the '069 patent (collectively, the "Asserted Claims"). *See* Dkt. 1, Exs. C, D (claim charts for the Asserted Patents).[2] The '069 patent is a divisional of the '888 patent, and both share a common specification and name Steven Goddard Roskowski as inventor. *See* Dkt. 1, Exs. A, B (Asserted Patents).

**A.     Patent Assignment History**

For the '888 patent, the USPTO assignment database shows five purported assignments of rights. Two of those relate to a now-released security agreement from Barracuda Networks, Inc. ("Barracuda") to Silicon Valley Bank, where the '888 patent was used as collateral to secure financing and credit from Silicon Valley Bank. (Ex. A ("Assignment 2" and "Assignment 5")). The initial security agreement was executed on October 3, 2012 (Ex. B at Reel: 029218/Frame: 0107) and the release of that agreement was executed on January 2, 2018 (Ex. C at Reel: 045027/Frame 0874). The remaining three purported assignments in the USPTO database are addressed in chronological order below.

---

[2] Cisco is also moving to dismiss VIAAS's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(c). *See* Dkt. 11.

3

First, on March 2, 2009, Mr. Roskowski assigned U.S. Patent Application No. 12/395,437 ("the '437 application," which issued as the '888 patent) and "all Patent(s) granted on any application which is a divisional, substitution, continuation, or continuation-in-part" of the '437 application, to Third Iris Corp. (Ex. D at Reel: 022333/Frame: 0480). Second, the USPTO assignment database shows that Mr. Roskowski assigned the '888 patent to Barracuda on April 25, 2013. (Ex. A). But the document recorded for this transaction is an Indemnity Agreement between Mr. Roskowski and Barracuda, not an assignment of patent rights. (*See* Ex. E at Reel: 041069/Frame: 0271). Indeed, the only use of the word "patent" in the Indemnity Agreement is in a "No Licenses" provision. (Ex. E at Reel: 041069/Frame: 0273). The third recorded document is a "Bill of Sale, Assignment, and Assumption Agreement" dated May 31, 2017, and an "Amendment No. 1 to Asset Purchase Agreement," which also includes Schedules 1.03 and 1.04 as attachments, dated June 9, 2017 (collectively, "Purported VIAAS Assignment"). (*See* Ex. A; Ex. F at Reel: 042834/Frames: 0052-0057). The terms of the Purported VIAAS Assignment promise to assign the Asserted Patents from Barracuda to VIAAS, but also grant to Barracuda "all rights to settle or collect damages, compensation or any other recovery or legal or equitable relief of any nature for any past, present, or future infringement of the Patents including sub-licensing the Patents to any third party sued for infringement." (Ex. F at Reel: 042834/Frame: 0057).

As for the '069 patent, the USPTO assignment database shows four purported assignments of rights. (Ex. G). First, in a document executed October 29, 2015, Mr. Roskowski purportedly assigned U.S. Patent Application No. 13/666,879 ("the '879 application," which issued as the '069 patent) to Barracuda. (Ex. H at Reel: 036956/Frame: 0887). This purported assignment of the '879 application occurred over six and a half years after Mr. Roskowski's first assignment of the '888 patent and its divisionals to Third Iris Corp. on March 2, 2009. (*See* Ex. D; Ex. H). The second

recorded document is the same Purported VIAAS Assignment discussed above. (Ex. I). The remaining two documents are security agreements dated August 15, 2022, in which Barracuda posted several patents including the '069 patent as collateral for loans and credits with financial institutions. (*See* Ex. G). One of those agreements is between Barracuda and UBS AG, Stamford Branch. (Ex. J). The other is between Barracuda and KKR Loan Administration Services LLC. (Ex. K).

### III. LEGAL STANDARDS

#### A. Constitutional Standing

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss any claims over which the Court lacks subject matter jurisdiction. To that end, a plaintiff's "[s]tanding implicates the court's jurisdiction and must be addressed before analyzing the merits of a plaintiff's claims." *Climb Tech, LLC v. Reeves*, 2009 WL 10670045, at *4 (W.D. Tex. Feb. 11, 2009) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)). The "irreducible constitutional minimum of standing" requires that the plaintiff has suffered an injury-in-fact, a causal connection between that injury and the defendants' alleged conduct, and a likelihood that a favorable ruling will redress the plaintiff's injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In the patent context, only "[a] 'patentee' is entitled to bring a 'civil action for infringement of his patent.'" *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (quoting 35 U.S.C. § 281). The "patentee" includes the party to whom the patent issued and the "'successors in title to the patentee.'" *Id.* (quoting 35 U.S.C. § 100(d)). Plaintiffs in patent cases who do not have any rights in the asserted patents "lack constitutional standing," and "[t]his standing deficiency cannot be cured by adding the patent title owner to the suit." *Id.* at 1341.

If a licensee does not "hold all substantial rights in a patent, then the licensee only has standing to sue as a co-plaintiff with the patentee," and if a party does not hold "exclusionary rights

5

in a patent, then it may not sue to enforce the patent at all, as it has not suffered injury by infringement." *Climb Tech, LLC*, 2009 WL 10670045, at *4. Further, a patent plaintiff must have sufficient legal rights in the patent "at the time they file a lawsuit, and *nunc pro tunc* assignments are insufficient to confer standing." *Id.* (citing *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998)).

The plaintiff bears the burden of showing jurisdiction and parties may offer factual evidence bearing on that question. *See Williamson v. Tucker*, 645 F.2d 404, 413–15 (5th Cir. 1981). Resolving that factual issue is reserved for the district court, not the jury, unless the jurisdictional issue is inextricably intertwined with the merits of the underlying dispute. *See id.* at 413 ("It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations."); *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by the party or by the court on its own motion, . . . the court may inquire by affidavits or otherwise into the facts as they exist."). The plaintiff asserting federal jurisdiction must establish standing by a preponderance of the evidence. *See Superior MRI Servs. v. All. HealthCare Servs.*, 778 F.3d 502, 504 (5th Cir. 2015). "These principles apply with full force in patent cases." *Script Sec. Sols., LLC v. Amazon.com, Inc.*, 2016 WL 6433776, at *3 (E.D. Tex. Oct. 31, 2016).

**IV.     ARGUMENTS**

    **A.     VIAAS Lacks Standing Because Third Iris Corp., Not VIAAS, Owns the Patents**

VIAAS lacks standing to sue Cisco for infringement because the record fails to show that it has an "exclusionary right" in the Asserted Patents. *Climb Tech, LLC*, 2009 WL 10670045, at *4. The publicly-available records show that VIAAS is not the rightful assignee of the Asserted

Patents. On March 2, 2009, the only named inventor, Mr. Roskowski, assigned the '437 application (now the '888 patent) and "all Patent(s) granted on any application which is a divisional, substitution, continuation, or continuation-in-part" of the '437 application, to Third Iris Corp. (Ex. D at Reel: 022333/Frame: 0480). The '069 patent issued from a divisional application of the '437 application, and thus falls within the scope of Mr. Roskowski's original assignment to Third Iris Corp. *See* Dkt. 1, Ex. B ('069 patent). The Asserted Patents were both therefore assigned to Third Iris Corp. by the original owner. Later, Mr. Roskowski purportedly transferred rights to the '888 patent to Barracuda who later purportedly assigned rights to the Asserted Patents to VIAAS. *See* Section II, *supra*. But there are no documents recorded with the USPTO, alleged in the Complaint, or presented by VIAAS in its Opposition to Google's Motion which show a transfer of rights to the Asserted Patents from Third Iris Corp. back to Mr. Roskowski after he assigned them to Third Iris Corp. in 2009. Thus, Third Iris Corp., not VIAAS, remains the owner of the Asserted Patents.

In its Opposition to Google's Motion, VIAAS argued that title to the Asserted Patents passed to Barracuda from Third Iris Corp. by operation of law. In support, VIAAS pointed to a 2015 Delaware certificate of dissolution of an entity named Third Iris, Inc. (Ex. L at 11; Ex. M; Ex. N). But the dissolution of Third Iris, ***Inc***., a Delaware corporation, has nothing to do with Third Iris ***Corp***., a Cayman Islands corporation and original assignee of the Asserted Patents. VIAAS certainly has not provided any evidence why the two entities are linked or how this evidence is relevant to Third Iris Corp.'s ownership of the patents. Further, other than describing Barracuda as a "common parent," the certificate of dissolution does not reference any transfer of assets from Third Iris Inc. to Barracuda. (Ex. N).

Courts generally look to state law to decide whether the ownership had been transferred by operation of law. *Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008).

Here, Third Iris, Inc. filed for dissolution in Delaware, and according to Delaware law, any remaining assets after resolution of claims and obligations must be distributed to the stockholders of the dissolved corporation. 8 Del. C. § 281. But, notwithstanding Section 281, a parent entity of a wholly-owned subsidiary does not automatically receive ownership of that corporation's patents after the subsidiary's dissolution. *Advanced Video Techs., LLC v. HTC Corp.*, 103 F. Supp. 3d 409, 420 (S.D.N.Y. 2015) (applying Delaware law). The *Advanced Video* court held that, despite the "remaining assets" language in Section 281, a dissolving corporation or some successor entity must adopt a "plan of distribution" of the dissolving corporation's assets at some time during the three-year statutory wind-down period. *Id*. at 421-22. VIAAS has not presented any such evidence, thus the unrebutted evidence shows that Third Iris Corp. remains the owner of the Asserted Patents.

Moreover, even though the public record lacks an assignment from Third Iris Corp. to Barracuda, Barracuda posted the Asserted Patents as collateral to financial institutions for credits and loans. These include: (1) a security agreement on October 3, 2012 with Silicon Valley Bank related to the '888 patent (Ex. B), which was terminated and released by Silicon National Bank in favor of Barracuda on January 2, 2018 (Ex. C); (2) an August 15, 2022 Grant of First Lien Security Interest in Patent Rights from Barracuda to UBS AG, Stamford Branch to "all of its right, title and interest in" the '069 patent, among other patents (Ex. J at Reel: 061377/Frames: 0213, 0230); and (3) an August 15, 2022 Grant of Second Lien Security Interest in Patent Rights from Barracuda to KKR Loan Administration Services to "all of its right, title and interest in" the '069 patent, among other patents (Ex. K at Reel: 061377/Frames: 0236, 0253). The documents show that as recently as August 2022—just a couple of months before VIAAS filed this lawsuit—Barracuda was collateralizing its ownership over the patents, reinforcing that VIAAS did not have sufficient ownership rights to the Asserted Patents at the time of filing this lawsuit.

### B. VIAAS Lacks Standing Because the Agreement between Barracuda and VIAAS Never Conveyed Interest in the Patents to VIAAS

Even if Barracuda owned the Asserted Patents after Third Iris Corp.—which it did not for the reasons set forth above—VIAAS would still lack standing because the agreement between Barracuda and VIAAS did not convey sufficient interest in the Asserted Patents to VIAAS. Amendment No. 1—the only publicly recorded agreement conveying interests from Barracuda to VIAAS—incorporated Schedule 1.04 ("Software and Patent License Grant") into the 2017 APA, and it identifies VIAAS as the "Buyer" and Barracuda as the "Seller." Ex. F at Reel: 042834/Frame: 0057. Section 2, titled "Transfer of Patent Ownership from Seller to Buyer," provides that: "***Buyer [VIAAS] may request*** transfer of the patents issued with the following application numbers from Seller [Barracuda] and Seller [Barracuda] ***will transfer*** such patents ***upon request***." *Id*. (emphasis added). Barracuda thus merely promised to assign the patents to VIAAS upon request—*i.e.*, a conditional promise to assign the patents in the future. There is no allegation—let alone evidence—suggesting that VIAAS ever made a request to satisfy the condition or that Barracuda acted on its promise. Indeed, if the parties had intended to immediately transfer rights rather than make a conditional promise to transfer in the future, Amendment No. 1's Section 2 would have mimicked Schedule 1.04's other two sections, which included a "hereby grants" clause. *Id*. But it did not. As it stands, Barracuda's mere promise to assign is thus insufficient to convey interest in the Asserted Patents to VIAAS. *See Climb Tech, LLC*, 2009 WL 10670045, at *4. VIAAS thus lacks standing to bring this lawsuit. *See Morrow*, 499 F.3d at 1339.

### C. Even If VIAAS Has Limited Rights to the Asserted Patents, It Does Not Have an Exclusionary Right

Even if VIAAS has limited rights to the Asserted Patents—which it did not for the reasons set forth above—it does not have any exclusionary rights to the Asserted Patents. The Federal Circuit is clear: "Parties that hold the exclusionary rights [under a patent] are often identified as

9

exclusive licensees, because the grant of an exclusive license to make, use, or sell the patented invention carries with it the right to prevent others from practicing the invention." *Morrow*, 499 F.3d at 1264-65. In contrast, an entity "lacks standing to sue a party who has the ability to obtain such a license from another party with the right to grant it." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257 at 1266-67 (Fed. Cir. 2010); see *also Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000) (an entity's right to sue is "illusory" when another entity "can render that right nugatory by granting the alleged infringer a royalty-free sublicense"). That is exactly the case here. Cisco can obtain a license to practice the Asserted Patents from Barracuda. The Purported VIAAS Assignment between Barracuda and VIAAS grants Barracuda "all rights to settle or collect damages, compensation or any other recovery or legal or equitable relief of any nature for any past, present, or future infringement of the Patents including ***sub-licensing the Patents to any third party sued for infringement***." Ex. F at Reel: 042834/Frame: 0057 (emphasis added). VIAAS thus does not have exclusionary rights to the Asserted Patents and cannot be injured by Cisco's alleged infringement. *Morrow*, 499 F.3d at 1342 (an entity that "hold[s] less than all substantial rights to the patent and lack[s] exclusionary rights" is "not injured by a party that makes, uses, or sells the patented invention because [it] does not hold the necessary exclusionary rights"). So even if VIAAS had some interest in the Asserted Patents, it still lacks constitutional standing to sue Cisco for infringement.

## V.     CONCLUSION

In view of the foregoing, Cisco respectfully requests that this Court grant Cisco's Motion to Dismiss VIAAS's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: March 10, 2023                        Respectfully submitted,

*By: /s/* K. Padmanabhan
    K. Padmanabhan (*pro hac vice*)
    kpadmanabhan@winston.com
    WINSTON & STRAWN LLP
    200 Park Ave.
    New York City, NY 10166
    Tel: (212) 294-6700
    Fax: (212) 294-4700

    Saranya Raghavan (*pro hac vice*)
    Edward A. Day (*pro hac vice* pending)
    sraghavan@winston.com
    tday@winston.com
    WINSTON & STRAWN LLP
    35 W Wacker Dr.
    Chicago, IL 60601
    Tel: (312) 576-4559
    Fax: (312) 558-5700

    Nimalka Wickramasekera (*pro hac vice*)
    nwickramasekera@winston.com
    WINSTON & STRAWN LLP
    333 S. Grand Avenue
    Los Angeles, CA 90071
    Tel: (213) 615-1700
    Fax: (213) 615-1750

    Mark N. Osborn
    mosborn@kempsmith.com
    State Bar No. 15326700
    KEMP SMITH LLP
    221 N. Kansas, Ste. 1700
    El Paso, TX 79901
    Tel: (915) 533-4424
    Fax: (312) 558-5700

    *Attorneys for Defendant,*
    *Cisco Systems, Inc.*

**CERTIFICATE OF CONFERENCE**

I certify that on March 10, 2023, counsel for Defendant, Krishnan Padmanabhan, conferred by email with counsel for Plaintiff, William P. Ramey, III, and on that same date was informed by email from counsel for Plaintiff that Plaintiff opposes the relief requested in this motion.

*/s/* K. Padmanabhan
K. Padmanabhan

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2023, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/* K. Padmanabhan
K. Padmanabhan
