IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIAAS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendants. | Case No. 6:22-cv-01047-KC |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS UNDER RULE 12(b)(1)**

**I.      INTRODUCTION**

        1.      **Chain of Title of the Patents-in-Suit.**

Defendants allege (1) that VIAAS is unable to prove ownership of the Patents-in-Suit, and (2) that VIAAS does not possess exclusionary rights in the Patents-in-Suit (sometimes referred to below as the "Asserted Patents"). (Quoting Defendant's Motion[1] at 9, "The publicly-available records show that VIAAS is not the rightful assignee of the Asserted Patents … Even is VIAAS has limited rights in the Asserted Patents … it does not have exclusionary rights to the Asserted Patents.)"

Attached as Exhibit A is the Certificate of Dissolution of Third Iris, Inc. ("Third Iris"). The effective date of dissolution was April 30, 2015. Attached as Exhibit B is the IRS Form 966, Corporate Dissolution or Liquidation of Third Iris, indicating complete liquidation. The common parent was listed as Barracuda Networks, Inc. ("Barracuda").

Attached as Exhibit C is the Bill of Sale, Assignment and Assumption Agreement, dated May 31, 2017, between Barracuda and VIAAS. At Schedule 1.04 (Ex. C at 6), paragraph 2 "Transfer of Patent Ownership from Seller [Barracuda] to Buyer [VIAAS]":

> Buyer may request transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request.
>
>     Appln. No. 12/511,822
>     Appln. No. 12/395.437 (the '888 Patent)
>     Appln. No. 13/666,879 (the '879 Patent)

Attached as Exhibit D is an email correspondence, dated June 12, 2017, from Matt Connolly of VIAAS to Sophia Valentim of Barracuda (Ex. D at 2-3), requesting transfer of the Patents-in-Suit, with a confirmation email from Ms. Valentim confirming the transfer request (Ex.

---

[1] Doc. No. 32.

D at 1).

## II.   LEGAL STANDARD

    1.   **Constitutional Standing.**

Standing is a constitutional requirement pursuant to Article III and it is a threshold jurisdictional issue. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1363 (Fed. Cir. 2010). We have held that in a patent infringement action, "the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit" to assert standing. *Paradise Creations, Inc. v. UV Sales, Inc.,* 315 F.3d 1304, 1309–310 (Fed.Cir.2003).

Patent ownership may be transferred by assignment, and 35 U.S.C. § 261 addresses such a transfer—requiring assignments to be in writing. However, there is nothing that limits assignment as the only means for transferring patent ownership. Indeed, the case law illustrates that ownership of a patent may be changed by operation of law. *Akazawa v. Link New Tech. Int'l, Inc.,* 520 F.3d 1354, 1356 (Fed. Cir. 2008).

## III.   ARGUMENT

    1.   **VIAAS is the Exclusive Owner of the Patents-in-Suit and Therefore has Standing Against Cisco.**

Upon dissolution of Third Iris (Exbibit A), Barracuda, as Third Iris's Parent Corporation acquired all of its assets, including the Patents-in-Suit, (Exhibit B), by operation of law..

Second, Schedule 1.04 (Ex. C at 6), paragraph 2 "Transfer of Patent Ownership from Seller [Barracuda] to Buyer [VIAAS]" obligated Barracuda to transfer ownership of the Patents-in-Suit "upon request" of VIAAS. On June 12, 2017 (Ex. D at 2-3) VIAAS did precisely that, it requested the transfer of the Patents-in-Suit.

Contracts that obligate the owner to grant rights in the future do not vest legal title to the patents in the assignee. *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,* 583 F.3d 832, 841–42 (Fed.Cir.2009) (Contract language stating that a party "agrees to assign" reflects a mere promise to assign rights in the future, not an immediate transfer of expectant interests. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1365 (Fed. Cir. 2010).)

VIAAS is not relying on Barracuda's "promise to assign" the Patents-in-Suit. VIAAS is relying on the actual fulfillment of Barracuda's promise to transfer ownership of the Patents-in-Suit, which occurred on June 12, 2017, when VIAAS, per the terms of the Bill of Sale, Assignment and Assumption Agreement (Ex. C) made the request for the transfer of ownership in the Patents-in-Suit. (Ex. D.)

Defendant acknowledges that at some point Third Iris became the owner of the Patents-in-Suit. To that end, as VIAAS has demonstrated proper chain of title from Third Iris to Barracuda to VIAAS, it has sufficiently demonstrated ownership of the Patents-in-Suit.

## 2. **VIAAS Possesses Exclusionary Rights in the Asserted Patents.**

Quoting the Bill of Sale, Assignment, and Assumption Agreement (Exhibit C at page 6):

> [Barracuda] shall have all rights to settle or collect damages, compensation or any other recovery or legal or equitable relief of any nature for any past, present, or future infringement of the Patents including sub-licensing the Patents to any third party sued for infringement.

A "patentee" is entitled to bring a "civil action for infringement of his patent." 35 U.S.C. § 281, and the "patentee" includes the patentee to whom the patent was issued and the "successors in title to the patentee," 35 U.S.C. § 100(d). The "successor[ ] in title" is the party holding *legal title* to the patent. *See Enzo Apa & Son, Inc. v. Geapag A.G.,* 134 F.3d 1090, 1093 (Fed.Cir.1998); *Prima Tek II LLC v. A–Roo Co.,* 222 F.3d 1372, 1377 (Fed.Cir.2000) (noting the assignee of all

4

substantial rights under the patent becomes the effective patentee and can sue in its own name for infringement). *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).

VIAAS submits that while the Agreement grants back to Barracuda "all" rights to settle or collect damages from infringement of the "patents in suit", it does not give Barracuda "exclusive rights" in this regard, nor does it deprive VIAAS of its own rights to sue for infringement.

"The right to bring an infringement suit is 'to obtain damages for the injury to his exclusive right by an infringer.' 269 U.S. at 469, 46 S.Ct. 166; *see also Sicom,* 222 F.3d at 1381 ('Standing to sue for infringement depends entirely on the putative plaintiff's proprietary interest in the patent, not on any contractual arrangements among the parties regarding who may sue ...')." *Morrow v. Microsoft Corp.,* 499 F.3d 1332, 1342 (Fed. Cir. 2007).

Therefore, as VIAAS has exclusionary rights in the patents-in-suit, it has standing to sue Cisco. However, should this Court disagree, VIAAS requests leave to reform the Agreement as all parties to the Agreement intended to and believe that they have transferred the Patents-in-Suit to VIAAS.

### IV.   CONCLUSION

For the foregoing reasons, VIAAS respectfully requests that the Court deny CISCO'S Motion to Dismiss under Rule 12(b)(1). In the event the Court grants relief to CISCO in any form, VIAAS respectfully requests leave to file an amended complaint.

Dated: March 24, 2023,                              Respectfully Submitted

**Ramey LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800

Houston, Texas 77006  
(713) 426-3923 (telephone)  
(832) 900-4941 (fax)  
wramey@rameyfirm.com  
*Attorneys for VIAAS, INC.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of March 24, 2023, with a copy of the foregoing via ECF.

/s/ William P. Ramey  
William P. Ramey, III