UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIAAS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CISCO SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No. 6:22-cv-01047-KC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY
IN SUPPORT OF RULE 12(B)(1) MOTION FOR LACK OF STANDING**

I. **INTRODUCTION**

VIAAS has been on notice of its lack of standing since January 30, 2023 when Google filed its motion on the same issue. Two months have passed, and VIAAS has still failed to provide the missing links in its purported chain of title to the Asserted Patents. It is VIAAS's burden to show that it has standing to bring this suit, and it should have confirmed as much before filing this lawsuit. For the reasons below, the Court should grant Cisco's Motion and dismiss VIAAS's Complaint with prejudice.

II. **VIAAS FAILS TO EXPLAIN WHY THIRD IRIS CORP. IS NOT THE OWNER OF THE ASSERTED PATENTS**

As explained in Cisco's Motion (Mot. at 4, 7), the Asserted Patents were assigned by the sole named inventor, Mr. Roskowski, to Third Iris ***Corp.*** VIAAS's Response makes no mention of Third Iris Corp. Nor does it explain how any rights to the Asserted Patents were transferred from Third Iris Corp. to any of the other entities mentioned in its Response: Third Iris, Inc.; Barracuda Networks, Inc. ("Barracuda"); and ultimately, VIAAS Inc. Instead, VIAAS's Response skips this step and ***assumes*** that Third Iris, ***Inc.*** had rights to the Asserted Patents. VIAAS failed to consider, and now refuses to accept, that Third Iris Corp. (a Cayman Islands corporation) and Third Iris, Inc. (a Delaware corporation) are distinct entities, and does nothing to show a relationship between the two. Ex. A (Company Search Report for Third Iris Corp.); Ex. B (Certificate of Incorporation of Third Iris Inc.). Thus, the unrebutted record shows that Third Iris Corp. remains the owner of the Asserted Patents, and for this reason alone, the Court should grant Cisco's Motion.[1]

---

[1] VIAAS's Response states that Cisco "acknowledges that at some point Third Iris became the owner of the Patents-in-Suit." Not true. Cisco's Motion clearly refers to Third Iris ***Corp.*** VIAAS statement is thus an improper attempt to conflate the two Third Iris entities to connect the dots.

### III. VIAAS FAILS TO EXPLAIN HOW BARRACUDA HAS RIGHTS TO THE ASSERTED PATENTS

Building off its unfounded assumption, VIAAS's Response points to the dissolution of Third Iris, Inc. to assert that the Asserted Patents were transferred to Barracuda "by operation of law" because it was the "common parent." Resp. at 2, 3; *id.* at Ex. B (Dkt. 37-3). Because Third Iris Corp. and Third Iris, Inc. are distinct entities, the dissolution of Third Iris, **Inc.** is irrelevant. Regardless, as explained in Cisco's Motion (Mot. at 8), VIAAS's argument that Barracuda acquired the Asserted Patents "by operation of law" due to Third Iris, Inc.'s dissolution is not supported by Delaware law. Indeed, VIAAS offers no statute or applicable state law to rebut Cisco's analysis that a dissolving Delaware corporation or some successor entity must adopt a "plan of distribution" of the dissolving corporation's assets at some time during the three-year statutory wind-down period. *Advanced Video Techs., LLC v. HTC Corp.*, 103 F. Supp. 3d 409, 421-22 (S.D.N.Y. 2015) (applying Delaware law). Thus, even if Barracuda were the "common parent" as VIAAS asserts, "[c]ommon corporate structure does not overcome the requirement that even between a parent and a subsidiary, an appropriate written assignment is necessary to transfer legal title from one to the other." *Id*. at 420.

### IV. VIAAS PROVIDES NO EVIDENCE OF TRANSFER OF RIGHTS FROM BARRACUDA TO VIAAS

Even assuming Barracuda had rights to the Asserted Patents, VIAAS's Response also fails to show that Barracuda transferred those rights to VIAAS. At best, Exhibit D to VIAAS's Response (Dkt. 37-5) shows that VIAAS made a request to transfer, but nothing in Exhibit D demonstrates that the transfer actually occurred. In fact, Exhibit D ends with a question from Ms. Valentim of Barracuda asking how VIAAS would like to proceed with the transfer process. Dkt. 37-5 at 1 ("The request below is fine, and there are a couple ways to proceed. Your IP attorney can start the process of filing the required Patent Trademark Office forms, or we can have our

2

trademark counsel start the transfer process from their side. Do you have a preference?"). But VIAAS presents no evidence of further correspondence answering this question or any evidence of initiating the transfer process. Thus, VIAAS has not shown that it obtained any rights to the Asserted Patents.

### V. VIAAS DOES NOT DISPUTE THAT IT DOES NOT HAVE EXCLUSIONARY RIGHTS TO THE ASSERTED PATENTS

Notwithstanding the deficiencies in the chain of title, to the extent VIAAS has any rights in the Asserted Patents, it does not have the requisite "exclusionary rights" to enforce the Asserted Patents. Even assuming a transfer of rights from Barracuda to VIAAS, Barracuda retains "all rights to settle or collect damages, compensation or any other recovery or legal or equitable relief of any nature for any past, present, or future infringement of the Patents including **sub-licensing the Patents to any third party sued for infringement**." Dkt. 32-6 at 10 (emphasis added); *Climb Tech, LLC v. Reeves*, 2009 WL 10670045, at *4 (W.D. Tex. Feb. 11, 2009). VIAAS does not dispute this. Instead, VIAAS argues that Barracuda's right to license the Asserted Patents is not exclusive, but that is not the standard. The Federal Circuit makes clear that an entity "lacks standing to sue a party who has the ability to obtain such a license from another party with the right to grant it." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257 at 1266-67 (Fed. Cir. 2010). That is the case here—in fact, VIAAS does not deny the fact that Cisco could obtain a license from Barracuda.

### VI. VIAAS'S REQUEST FOR LEAVE TO REFORM ITS AGREEMENT SHOULD BE DENIED

Because VIAAS has the burden to show that it had standing *at the inception* of the lawsuit, its request to retroactively reform its agreement with Barracuda to manufacture standing should be denied. *See Climb Tech, LLC*, 2009 WL 10670045, at *4 ("Plaintiffs must have standing at the time they file a lawsuit, and *nunc pro tunc* assignments are insufficient to confer standing."). Further, "it is well established that a defect in Article III standing cannot be cured … by the

3

subsequent purchase of an interest in the patent in suit." *Tech LLC v. Zebra Techs. Corp.*, No. 6:19-cv-00628-ADA, 2022 WL 1608014, at *19 (W.D. Tex. May 20, 2022). In any event, any modifications to the Barracuda-VIAAS agreement would not cure the other deficiencies to VIAAS's chain of title to the Asserted Patents.

## VII. CONCLUSION

VIAAS has repeatedly failed to show that it has standing to enforce the Asserted Patents, and it should not be allowed to proceed with the litigation without a showing that it can get past the threshold question of standing. For the above reasons, Cisco requests that this Court grant Cisco's Motion to Dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(1).

Dated: March 31, 2023

Respectfully submitted,

*By*: */s/* K. Padmanabhan
K. Padmanabhan (*pro hac vice*)
kpadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Ave.
New York City, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

Saranya Raghavan (*pro hac vice*)
Edward A. Day (*pro hac vice* pending)
sraghavan@winston.com
tday@winston.com
WINSTON & STRAWN LLP
35 W Wacker Dr.
Chicago, IL 60601
Tel: (312) 576-4559
Fax: (312) 558-5700

Nimalka Wickramasekera (*pro hac vice*)
nwickramasekera@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Mark N. Osborn
mosborn@kempsmith.com
State Bar No. 15326700
KEMP SMITH LLP
221 N. Kansas, Ste. 1700
El Paso, TX 79901
Tel: (915) 533-4424
Fax: (312) 558-5700

*Attorneys for Defendant,*
*Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

    I certify that on March 31, 2023, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

                            /s/ Mark N. Osborn
                            Mark N. Osborn